UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------X

GUADALOPE ROGELIO PERAL
MARTINES, *individually and on behalf of others*          Case No.: 1:22-cv-8040
*similarly situated,*

                                                         **COMPLAINT**

                    Plaintiff,

-against-

CAMPOS VERDES CORP. (d/b/a JIMBO'S
HAMBURGER PALACE), REGULO
HERNANDEZ, ERVE LUNA, and MIGUEL
GUZMAN,

                    Defendants.

--------------------------------------------------------X

          Plaintiff, GUADALOPE ROGELIO PERAL MARTINES ("Plaintiff"), by and through his

undersigned attorneys, Sacco & Fillas LLP, files this Complaint against Defendants, CAMPOS

VERDES CORP. (d/b/a JIMBO'S HAMBURGER PALACE), REGULO HERNANDEZ, ERVE

LUNA, and MIGUEL GUZMAN, located at located at 301 W 154th St, New York, NY 10039

and/or any other business entity doing business as "Jimbo's Hamburger Palace," and states as

follows:

## I.   NATURE OF THE ACTION

          1.     This action is brought to recover unpaid minimum and overtime wages, unpaid

spread-of-hours pay, and other monies pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, et

seq. ("FLSA"), and New York Labor Law § 190, et seq. ("NYLL").

## II.   JURISDICTION AND VENUE

          2.     This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28

U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff state law claims

pursuant to 28 U.S.C. § 1367.

3.     Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## III.   PARTIES

### A. Plaintiff - GUADALOPE ROGELIO PERAL MARTINES

4.     Plaintiff, GUADALOPE ROGELIO PERAL MARTINES, is an adult resident of New York County, City, and State.

5.     Plaintiff was ostensibly employed by Defendants as a delivery worker but also performed nontipped work including food preparation, trash removal, cleaning, mopping, and stocking.

6.     Plaintiff was employed by Defendants at the restaurant, Jimbo's Hamburger Palace, at 301 W 154th St, New York, NY 10039.

7.     Throughout his employment, Plaintiff was an employee engaged in interstate commerce or in the production of goods for interstate commerce.

### B. Defendant - CAMPOS VERDES CORP. (d/b/a JIMBO'S HAMBURGER PALACE)

8.     Defendant, CAMPOS VERDES CORP. (d/b/a JIMBO'S HAMBURGER PALACE), is a domestic business corporation organized and existing under the laws of the State of New York with a principal place of business at 301 WEST 154TH STREET, NEW YORK, NY, UNITED STATES, 10039.

9.     Defendant CAMPOS VERDES CORP. (d/b/a JIMBO'S HAMBURGER PALACE) is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

10.     Defendant CAMPOS VERDES CORP. (d/b/a JIMBO'S HAMBURGER PALACE) has employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

2

11.     Within the three years prior to the filing of this Complaint, CAMPOS VERDES CORP. (d/b/a JIMBO'S HAMBURGER PALACE) had an annual gross volume of sales in excess of $500,000.

12.     Defendant, CAMPOS VERDES CORP. (d/b/a JIMBO'S HAMBURGER PALACE), received approximately of $34,485 in Paycheck Protection Program loans on or about May 2, 2020.

13.     Defendant, CAMPOS VERDES CORP. (d/b/a JIMBO'S HAMBURGER PALACE), received approximately of $48,279 in Paycheck Protection Program loans on or about March 12, 2021.

14.     Upon information and belief, Defendant, CAMPOS VERDES CORP. (d/b/a JIMBO'S HAMBURGER PALACE), owns, operates, maintains, and/or controls the phone number 212-491-8290.

15.     Defendant, CAMPOS VERDES CORP. (d/b/a JIMBO'S HAMBURGER PALACE), accepts or accepted requests for orders using https://www.grubhub.com/restaurant/jimbos-hamburger-palace-301-w-154th-st-new-york/1436134 .

16.     Upon information and belief, Defendant, CAMPOS VERDES CORP. (d/b/a JIMBO'S HAMBURGER PALACE), owns, operates, maintains, and/or controls the phone number 212-741-4549.

17.     Upon information and belief, Defendant, CAMPOS VERDES CORP. (d/b/a JIMBO'S HAMBURGER PALACE), owns, operates, maintains, and/or controls the email address A@A.COM.

18.    Upon information and belief, Defendant, CAMPOS VERDES CORP. (d/b/a JIMBO'S HAMBURGER PALACE), owns, operates, maintains, and/or controls the phone number 917-675-7487.

### C.    Defendant - REGULO HERNANDEZ

19.    Upon information and belief, Defendant, Regulo Hernandez, is an owner, officer, director and/or managing agent of Jimbo's Hamburger Palace, whose address is unknown at this time and who participated in the day-to-day operations of Jimbo's Hamburger Palace and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.A §203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with Jimbo's Hamburger Palace.

20.    Defendant, REGULO HERNANDEZ, is the Chief Executive Officer of Defendant, CAMPOS VERDES CORP. (d/b/a JIMBO'S HAMBURGER PALACE).

21.    Upon information and belief, Defendant, REGULO HERNANDEZ, owns, operates, maintains, and/or controls the phone number 212-741-4549.

22.    Upon information and belief, Defendant, REGULO HERNANDEZ, owns, operates, maintains, and/or controls the phone number 917-675-7487.

23.    In Angel Rojas BRAVO, on behalf of himself and others similarly situated, Plaintiff, v. JIMBO'S HAMBURGER PALACE, Regulo Hernandez, and Belarmino Martinez, Defendants., 2011 WL 9323326 (S.D.N.Y.), Defendant REGULO HERNANDEZ settled claims for violations of the FLSA and NYLL.

24.    Upon information and belief, the individual Defendant, REGULO HERNANDEZ, exercised control over the terms and conditions of employees' employment, including Plaintiff, in that they have and had the power to: (i) hire and fire employees, (ii) determine rates and methods of

pay, (iii) determine work schedules, (iv) supervise and control the work of the employees, and (v) otherwise affect the quality of the employees' employment.

### D.  Defendant - ERVE LUNA

25.     Defendant ERVE LUNA set Plaintiff's work schedules and work hours.

26.     Defendant ERVE LUNA ordered Plaintiff to report to work at specific times.

27.     Defendant ERVE LUNA fired Plaintiff.

28.     Defendant ERVE LUNA was a manager at Defendants' restaurant, Jimbo's Hamburger Palace, at 301 W 154th St, New York, NY 10039.

29.     Upon information and belief, Defendant, ERVE LUNA, owns(ed), operates(ed), control(led), the phone number 347-579-3688.

30.     Defendant ERVE LUNA paid Plaintiff.

31.     Upon information and belief, the individual Defendant, ERVE LUNA, exercised control over the terms and conditions of employees' employment, including Plaintiff, in that they have and had the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control the work of the employees, and (v) otherwise affect the quality of the employees' employment.

### E.  Defendant - MIGUEL GUZMAN

32.     Defendant MIGUEL GUZMAN owns(ed), operates(ed), control(led), the phone number 646-972-9754.

33.     Defendant MIGUEL GUZMAN set Plaintiff's work schedules and work hours.

34.     Defendant MIGUEL GUZMAN ordered Plaintiff to report to work at specific times.

35.     Defendant MIGUEL GUZMAN paid Plaintiff.

36.     Upon information and belief, the individual Defendant, MIGUEL GUZMAN, exercised control over the terms and conditions of employees' employment, including Plaintiff, in that they have and had the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control the work of the employees, and (v) otherwise affect the quality of the employees' employment.

## IV.   FACTUAL ALLEGATIONS

37.     Defendants have over eleven (11) employees.

38.     Defendants own, operate, control, manage, and/or maintain the restaurant, Jimbo's Hamburger Palace, at 301 W 154th St, New York, NY 10039.

39.     Plaintiff was employed by Defendants from approximately August 2016 to approximately March 27, 2022.

40.     Upon information and belief, surveillance cameras were used to supervise and monitor employees including Plaintiff.

41.     From approximately August 2016 to approximately 2022, Plaintiff worked approximately sixty (60) hours per week.

42.     From approximately August 2016 to approximately 2022, Plaintiff worked approximately three (3) days per week during which the beginning and end of each shift were ten or more hours apart.

43.     In approximately 2022, Plaintiff worked approximately forty-five (45) hours per week.

44.     Defendants deducted approximately 6 hours of pay per week for "breaks" that were frequently either not taken or interrupted.

45.     Plaintiff was paid in cash.

46.     Defendants deducted approximately thirty ($30) dollars per week for food.

47.     Defendants deducted approximately thirty ($30) dollars per week for alleged "breaks," which were not scheduled and were frequently interrupted.

48.     In approximately 2016 and 2017, Plaintiff was paid approximately $420 per week.

49.     In approximately 2018 and 2019, Plaintiff was paid approximately $500 per week.

50.     In approximately 2020, Plaintiff was paid approximately $530 per week.

51.     In approximately 2021, Plaintiff was paid approximately $540 per week.

52.     In approximately 2022, Plaintiff was paid approximately $400 per week.

53.     Defendants did not provide notice of the tip credit provisions of the FLSA and the NYLL, or an intent to apply a tip credit to his wages. As such, Defendants were not entitled to apply a tip credit to Plaintiff's wages at any time during his employment.

54.     Defendants failed to furnish Plaintiff with compliant wage notices.

55.     Defendants failed to furnish Plaintiff with compliant wage statements.

56.     Defendants' failure to furnish Plaintiff with compliant wage notices and wage statements caused real injury-in-fact in, inter alia: failing to prevent wage theft; failing to properly notify Plaintiff of actual or potential deficiencies concerning his legally protected interest in timely, lawful, and accurate wages; failing to deter violations of federal and state wage and hour law.

57.     Plaintiff was not paid overtime pay at one and one half (1 ½) times his regular hourly wage rate for hours worked over forty per week.

58.     Plaintiff was required to pay approximately $3,300 for two delivery bikes.

**V.     COLLECTIVE ACTION ALLEGATIONS**

59.     Plaintiff brings the claims in this Complaint arising out of the FLSA on behalf of herself and all similarly situated waitstaff who are or were employed by Defendants since the date three years prior to the filing of this action who elect to opt-in to this action (the "FLSA Collective").

60.     The FLSA Collective consists of approximately thirty similarly situated servers, bussers, and bartenders (i.e., waitstaff) who have been victims of Defendants' common policy and practices that have violated their rights under the FLSA by, inter alia, willfully denying them minimum wages, overtime wages, and other monies.

61.     As part of their regular business practice, Defendants have intentionally, willfully, and repeatedly harmed Plaintiff and the FLSA Collective by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL. This policy and pattern or practice includes, *inter alia,* the following:

     a.   failing to pay the FLSA Collective the statutory minimum wage for all hours worked;

     b.   failing to pay the FLSA Collective overtime wages at one and one-half times their regular hourly wage rates for all hours worked over forty per workweek;

     c.   failing to provide adequate tip credit notice to members of the FLSA Collective per the FLSA and NYLL;

     d.   redistributing portions of the tips earned by members of the FLSA Collective to managerial employees; and

     e.   failing to keep full and accurate records of all hours worked by the FLSA Collective, as required by the FLSA and NYLL.

62.     Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees their compensation.

63.     Defendants' unlawful conduct has been intentional, willful, and in bad faith, and has caused significant monetary damage to Plaintiff and the FLSA Collective.

64.     The FLSA Collective would benefit from the issuance of a court supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable and locatable through their records.

Those similarly situated employees should be notified of and allowed to opt into this action pursuant to 29 U.S.C. § 216(b).

**VI.**   **CLAIMS**

**A.  FIRST CLAIM - Fair Labor Standards Act - Unpaid Overtime**

65.     Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

66.     Defendants were required to pay Plaintiff one and one-half (1½) times her regular hourly rate for all hours worked in excess of forty hours in a workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207 et seq.

67.     Defendants have failed to pay Plaintiff the overtime wages to which she was entitled under the FLSA.

68.     Defendants have willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiff overtime wages.

69.     Due to Defendants' violations of the FLSA, Plaintiff is entitled to recover unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre- and post-judgment interest.

**B.  SECOND CLAIM - New York Labor Law - Unpaid Overtime**

70.     Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

71.     Under the NYLL and supporting New York State Department of Labor ("NY DOL") regulations, Defendants were required to pay Plaintiff one and one-half (1½) times her regular hourly rates for all hours worked in excess of forty.

72.     Defendants have failed to pay Plaintiff the overtime wages to which she was entitled under the NYLL.

73.     Defendants have willfully violated the NYLL by knowingly and intentionally failing to pay overtime wages.

74.     Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover unpaid overtime wages, reasonable attorneys' fees and costs of the action, liquidated damages, and pre- and post-judgment interest.

**C.   THIRD CLAIM - Fair Labor Standards Act - Unpaid Minimum Wage**

75.     Plaintiff repeats and realleges paragraphs 1 through 25 as if fully set forth herein.

76.     Defendants are employers within the meaning of 29 U.S.C. §§ 203(e) and 206(a).

77.     Defendants were required to pay to plaintiff and the FLSA Collective the applicable federal minimum wage rate.

78.     Defendants failed to pay plaintiff and the FLSA Collective the minimum wages to which they are entitled under the FLSA.

79.     Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and have not made a good faith effort to comply with the FISA with respect to the compensation of the FLSA Collective.

80.     As a result of defendants' willful violations of the FLSA, plaintiff and the FLSA Collective suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, pre-judgment interest, post-judgment interest, attorneys' fees and costs of this action, and other compensation pursuant to 29 U.S.C. § 216(b).

**D.   FOURTH CLAIM - New York Labor Law - Unpaid Minimum Wage**

81.     Plaintiff repeats and realleges paragraphs 1 through 31 as if fully set forth herein.

82.     Defendants are employers within the meaning of the NYLL §§ 190, 651(5), 652, and supporting New York State Department of Labor Regulations, and employed plaintiff and the FLSA Collective.

83. Defendants failed to pay plaintiff and the FLSA Collective the minimum wages to which they are entitled under the NYLL.

84. Defendants have willfully violated the NYLL by knowingly and intentionally failing to pay plaintiff and the FLSA Collective minimum hourly wages.

85. 36. As a result of defendants' violations of the NYLL, plaintiff and the FLSA Collective are entitled to recover their unpaid wages, reasonable attorneys' fees and costs of the action, liquidated damages and pre-judgment and post-judgment interest.

### E.   FIFTH CLAIM - New York Labor Law - Spread-of-Hours Pay

86. Plaintiff repeats and realleges paragraphs 1 through 46 as if fully set forth herein.

87. Defendants have willfully failed to pay plaintiff and the FLSA Collective additional compensation of one (1) hour's pay at the basic minimum hourly wage rate for each day during which they worked more than ten (10) hours.

88. By defendants' failure to pay plaintiff and the FLSA Collective spread-of-hours pay, defendants have willfully violated the NYLL Article 19, §§ 650, et seq., and the supporting New York State Department of Labor Regulations, including, but not limited to the Hospitality Industry Wage Order, 12 N.Y.C.R.R. §§ 146-1.6.

89. Due to defendants' willful violations of the NYLL, plaintiff and the FLSA Collective are entitled to recover an amount prescribed by statute, reasonable attorneys' fees and costs of the action, pre-judgment and post-judgment interest, and liquidated damages.

### F.   SIXTH CLAIM - New York Labor Law - Failure to Provide Wage Notices

90. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

91. The NYLL and the Wage Theft Prevention Act ("WTPA") require employers to provide all employees with a written notice of wage rates at the time of hire and whenever there is a change to an employee's rate of pay.

92.     Defendants failed to furnish to Plaintiff whenever there was a change to her rate of pay a notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 191, and anything otherwise required by law; in violation of NYLL § 195(1).

93.     Due to Defendants' violation of NYLL § 195(1), Plaintiff is entitled to recover from the Defendants liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to NYLL § 198(1-b).

## G. **SEVENTH CLAIM - New York Labor Law - Failure to Provide Accurate Wage Statements**

94.     Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

95.     The NYLL and WTPA also require employers to provide employees with an accurate wage statement each time they are paid.

96.     Defendants failed to furnish to Plaintiff, with each wage payment, a statement accurately listing: rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; in violation of NYLL § 195(3).

97.     Due to Defendants' violation of the NYLL § 195(3), Plaintiff is entitled to recover from Defendants liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-d).

VII.    **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, on behalf of herself and the FLSA Collective, respectfully requests that this Court enter a judgment:

98.    authorizing the issuance of notice at the earliest possible time to all non-exempt employees who were employed by Defendants during the three years immediately preceding the filing of this action, up through and including the date of this Court's issuance of court-supervised notice. This notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit;

99.    declaring that Defendants have violated the minimum and overtime wage provisions of the FLSA and the NYLL;

100.    declaring that Defendants have violated the provisions of the NYLL and NYDOL Regulations;

101.    declaring that Defendants violated the notice and record keeping provisions of the WTPA;

102.    declaring that Defendants' violations of the FLSA and NYLL were willful;

103.    awarding Plaintiff and the FLSA Collective damages for unpaid minimum and overtime wages;

104.    awarding Plaintiff and non-exempt employees who opt into this lawsuit damages for spread-of-hours wages;

105.    awarding Plaintiff and the non-exempt employees who opt into this lawsuit damages for misappropriated wages;

106.    awarding Plaintiff and the non-exempt employees who opt into this lawsuit damages as a result of Defendants' failure to furnish accurate wage statements and wage notices pursuant to the NYLL and the WTPA;

107.     awarding Plaintiff and the FLSA Collective liquidated damages in an amount equal to the total amount of the wages found to be due, pursuant to the FLSA and the NYLL;

108.     awarding Plaintiff and the non-exempt workers who opt into this lawsuit pre-judgment interest pursuant to the NYLL;

109.     awarding Plaintiff and the FLSA Collective post-judgment interest as required under 28 U.S.C. § 1961(a);

110.     awarding reasonable attorneys' fees and costs pursuant to the FLSA and the NYLL; and

111.     awarding such other and further relief as the Court deems just and proper.

Dated: Astoria, New York                              Respectfully submitted,
                 September 19, 2022

                                                      By: _____ */s/ Clifford Tucker*_____
                                                          Clifford Tucker, Esq.,
                                                          Sacco & Fillas LLP
                                                          3119 Newtown Ave, Seventh Floor
                                                          Astoria, NY 11102
                                                          Tel: 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
                                                          CTucker@SaccoFillas.com

**NOTICE OF INTENTION TO ENFORCE CORPORATE MEMBER LIABILITY FOR SERVICES RENDERED**

**TO**: CAMPOS VERDES CORP. (d/b/a JIMBO'S HAMBURGER PALACE)

**PLEASE TAKE NOTICE**, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that GUADALOPE ROGELIO PERAL MARTINES and others similarly situated intend to charge you and hold you personally liable, jointly, and severally, as one of the ten members with the largest percentage ownership interests of CAMPOS VERDES CORP. (d/b/a JIMBO'S HAMBURGER PALACE) for all debts, wages, and/or salaries due and owing to them as laborers, servants and/or employees of the said corporations for services performed by them for the said corporations within the six (6) years preceding the date of this notice and have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.

Dated: Astoria, New York
        September 19, 2022

Respectfully submitted,

By: _____ */s/ Clifford Tucker* _____
    Clifford Tucker, Esq.,
    Sacco & Fillas LLP
    3119 Newtown Ave, Seventh Floor
    Astoria, NY 11102
    Tel: 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
    CTucker@SaccoFillas.com

**DEMAND BY EMPLOYEE TO INSPECT SHARE RECORDS AND MINUTES
PURSUANT TO SECTION 624 OF THE NEW YORK STATE BUSINESS
CORPORATION LAW**

**TO:** CAMPOS VERDES CORP. (d/b/a JIMBO'S HAMBURGER PALACE)

**PLEASE TAKE NOTICE**, that GUADALOPE ROGELIO PERAL MARTINES, and others
similarly situated as employees of the above corporations who intend to demand, pursuant to the
provisions of Section 630 of the Business Corporation Law of New York, payment of debts, wages
and/or salaries due and owing to them as laborers, servants and/or employees of the above
corporations for services performed by them for the above corporations within the six (6) years
preceding the date of this notice from the ten largest shareholders of the above corporations, and
who have expressly authorized the undersigned, as their attorney, to make this demand on their
behalf,

**HEREBY DEMAND** the right to examine, in person or by agent or attorney, during usual
business hours, the minutes of the proceedings of the shareholders and records of shareholders of
the above corporations and to make extracts therefrom on or after five (5) days from receipt of this
notice

Dated: Astoria, New York
              September 19, 2022

Respectfully submitted,

By: _____*/s/ Clifford Tucker*_____
      Clifford Tucker, Esq.,
      Sacco & Fillas LLP
      3119 Newtown Ave, Seventh Floor
      Astoria, NY 11102
      Tel: 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
      CTucker@SaccoFillas.com

## CONSENT TO SUE

## REQUEST TO BECOME A PARTY-PLAINTIFF

I hereby consent to become a party plaintiff in an action to recover unpaid overtime, and other relief under the Fair Labor Standards Act.   (Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)

Name/Nombre: _Guadalupe Rogelio Peral Martinez_

Legal Representative:
Sacco & Fillas LLP
3119 Newtown Ave, Seventh Floor
Astoria, NY 11102

Signature/Firma: X_GRPM_____   Date/Fecha: _6/23/22_____, 202__